Hoenblowee, C. J.
This was an action of assumpsit brought by Wooden against Cole. The first count in the declaration cites, that on a certain day, after the death of one Ezra Wooden, administration of and upon his estate, pending a caveat against the probate of his 'will, was granted, pendente lite, by the surrogate of the county, to the parties in this suit; that at a special term of the Orphans’ Court of said county, the parties interested in the will of said deceased, having met in open court, to try the validity of the said will, mutually agreed that it should bo holden for nothing, and that the said administrators should “ be continued.” That at a subsequent term of the said court, upon the application of the said Gideon Wooden, and upon sufficient cause shown therefor, pursuant to the statute in such case, made and provided, it was ordered that said Freeman Cole should account, &c., and that he should be cited to do so; that a citation was issued, served and returned to a subsequent term of said court; that said Cole neglected to account, and refused to give separate security to the said Gideon Wooden, his co-administrator &c.; that it was thereupon further ordered by the said court, pursuant to the statute &c., that the said Gideon Wooden be authorized to sue the said Freeman Cole for the assets in his hands &c.; and the plaintiff then avers that the defendant “ hath assets of the estate of the said Ezra Wooden, to the value of two thousand dollars, to be administered ; and that by means of the premises, the defendant became liable to pay the plaintiff; and being liable &c. undertook and promised &c.
The second count is that the defendant, administrator &c., came into possession of certain goods and chattels and other assets, belonging to the estate of said deceased, and for whic-h he had not accounted, by means whereof and by virtue of the decree aforesaid, the said defendant, co-administrator as aforesaid, became liable to pay to the plaintiff, administrator as aforesaid, the value of said goods, chattels and effects, to wit: two thousand dollars, and being so liable,, in consideration thereof, promised &c.
The third count is for two thousand dollars, for so much money “ by the defendant” had and received to and for the use of said Gideon Wooden administrator as aforesaid.
The fourth count is, for that the said Cole, as administrator *17 as aforesaid, on &c, became liable to pay to the said Wooden, administrator as aforesaid, two thousand dollars, for goods sola and delivered by the plaintiff to the defendant, at his request: and the like sum for work done and materials found by the plaintiff for the defendant, and at his request: and the like sum for money lent by the plaintiff to the defendant: and the like sum for money paid by plaintiff for the defendant at his request: and the like sum for money received by the defendant for the plaintiff: and the like sum for interest for the forbearance &c.: and the like sum upon an account stated by and between the plaintiff and defendant — and then the plaintiff concludes with a profert of his letters of administration.
To this declaration, the defendant demurred, assigning causes of demurrer, and upon a joinder in demurrer and argument, the court of Common Pleas overruled the demurrer, and gavejndgment' for the plaintiff.
In the first place; if the preliminary proceedings had been correct, and the suit properly instituted and between proper parties, and admitting that the first three counts, even in such case, would be good for any thing, yet the fourth count and all the causes of action therein set forth, are a total misjoinder. One administrator cannot maintain an action for goods sold and delivered or for money lent by him to his co-administrator; nor for work and labor done and materials found by him, for the other, &c. But,, besides ail this, the whole proceeding has been erroneous and misconceived.
First, the plaintiff and the defendant had been appointed, (whether by the proper authorities or not, is at present immaterial) administrators pendente lite, touching the existence of a will. Their letters limited their authority to the special duties and powers of such administrators, and their oaths of office aud the administration bond given by them, must have conformed to the special nature of their commission. Elm. Dig. 166, pl. 14, see. 11.
It is true, that by the 8th section of the act, Elm. Dig. 164, such administrators may have all actions to demand and recover as executors, the debts due to the deceased; but their authority is more limited than that of any other administrators, and ex vi termini ceases, the moment the suit concerning the will *18 is terminated. If the will is established, they are at once superseded by the executors, or if occasion requires, by administration, with the will annexed, or during minority, or durante absentia; but they can no longer act, as administrators, either in relation to third persons, or to eac'h other. If on the other hand, the will is overruled, administration at large is to be granted to those who by law may be entitled to have it. Immediately then, as soon as the will was abandoned, and the deceased admitted to have died intestate, new letters ought to have been granted to proper persons, as general administrators, in ordinary cases. If new administrators had been appointed, they would have had a right to call on the administrators pendente lite, to settle their accounts : and if the administrators pendente lite, claimed or were entitled to the general right of administration, they might have been required by the persons interested, to close up their accounts as special administrators.
Instead of this, here has been an attempt to convert special administrators into general ones, by an agreement of parties, without taking out new letters of administration, or requiring them to give a new administration bond. This could not be done; and if they continued to act as administrators, they may have made themselves liable as executors de son tort, but they could acquire no new rights as against third persons, nor as against each other, as administrators. It is true, they remained liable to account, for assets received by them while they were administrators pendente lite, not only to parties in interest, but perhaps, under the provisions óf our laws, to each other; but they could not be held liable to account as administrators, the one to the other, for any thing done by them, after their administration ceased. Eor those transactions, they must be called'to account in some other manner.' The securities in the bond given by them as administrators pendente lite, would not be held answerable for assets received by either of them after their special commission had ceased.
I do not mean to say, that special administrators, while they continue such, may not, under the direction of the Orphans’ Court, be proceeded against by each other, in the manner pointed out by the 10th section of the act; Rev. Laws, 779; nor am I prepared to say, that so far as relates to assets received, while *19 the special commisson continued in force, the same proceedings, may not be instituted under that act, by one administrator against another, although they have ceased to be such administrators. I mean only to say, that if two are appointed special administratora of any kind; and if they or either of them, with or without the consent of parties in interest, continue to receive and meddle with the assets, after their commission has expired, by the termination of the suit, or the return, or coming of age of the executors ; they cannot treat or deal with each other in relation to such continued transactions, as administrators. iior be recognized as such, by the court; and consequently, cannot as administrators call each other to account, or sue each other for moneys or assets received after thei.r commission had ceased, under the section above cited, or under any other provision in our statutes. I am therefore of opinion, that the judgment must be reversed.
Dayton, J.
To the declaration filed in this case, there is a demurrer; and it is assigned for cause, that there is nothing on its face which shows an authority in the plaintiff to bring the suit. The whole facts of the case appear in the first count of the declaration.
The parties plaintiff and defendant were appointed administrators, pendente lite, and this suit is brought under the order of the court, to recover of the defendant below, one of those administrators, the amount of the estate of Ezra Wooden deceased, which was in his hands.
The demurrer is undoubtedly well taken. It appears upon the face of the delaration, that at a special Orphans’ Court, holdeu at Bridgewater, “ the parties interested in the estate of said Ezra Wooden deceased, and their counsel, having met in open court to try the validity of said will,” (pending a caveat against which, administration, pendente lite, had been granted,) “did mutually agree that said alleged will should be considered as nothing, and that the said letters of administration granted to the said Gideon Wooden and Freeman Cole, pendente lite, be continued,” &c.
Whether this suit has been brought upon the strength of this agreement, I know not; but certainly no agreement of the parties, whether in or out of court, could per se give to these special *20 administrators, any additional powers to sue in court. There is but one mode of granting administration known to our laws, and if the parties interested desired the same persons to act in the general administration of the estate, after their limited powers had ceased by operation of law, they should have applied for letters of administration in the usual way. The consent of parties, though in the presence of the court, can never make an administrator.
That the settlement of the suit, at once terminated the powers and authority of these special administrators, is clear. The very title, “ administrators pendente lite,” carries with it its own explanation. It continues, pending the suit, only. The same rule applies to all special and limited administrations. They are “ granted durante minore ceiate,” “ durante absentia,” or “ pendente lite,” and in all cases fall to the ground, when the especial circumstances under which they are granted, have terminated. Piggot’s Case, 5 Pep, 29; Wentworth on Executors 470; Toller on Executors 405, and cases cited.
But further, a declaration by such limited administrator, should always aver the existence of a continuation of that fact, pending which only, it was granted; and if it do not, is demurrable; Slaughter v. May, 1 Salk. 42; S. C. 2 Ld. Raym. 1071; but in the present case, the declaration not only fails to aver the fact, that the suit (pending which, administration was granted) was still in existence, but it avers the contrary; it alleges that it was finally settled in open court, by the parties interested.
The declaration is clearly bad, and judgment must be entered for the demurrant, with costs.
Note. This opinion was prepared upon the case as argued, without reference to the defective date of the record.
Note. After the opinion of the court had been delivered in this case, it was discovered, that the writ of error had been prematurely issued; no damages having been assessed, and consequently no final judgment entered below. The writ of error was therefore quashed but without costs; and the record remitted &c.